UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 49HOPKINS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 19-cv-00811-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

On February 21, 2020, the Court held a hearing on a motion to dismiss filed by defendants City and County of San Francisco ("the City"), Planning Commission of the City and County of San Francisco ("Planning Commission"), San Francisco Planning Department ("Planning Department"), San Francisco Department of Building Inspection ("DBI"), and the San Francisco Board of Supervisors ("BOS"). For the reasons set forth below, the Court concludes that plaintiff 49 Hopkins, LLC does not have a vested right in the 2014 permit at issue and GRANTS in part and DENIES in part the motion to dismiss, with leave to amend.[1]

---

[1] Both parties also seek judicial notice of a variety of documents. Dkt. Nos. 34 (Defendants' RJN), 37 (Defendants' Second RJN), 40 (Plaintiff's RJN), 43 (Defendants' Supplemental RJN). Plaintiff objects to (1) Exhibit D to Defendants' Request for Judicial Notice (Dkt. Nos. 34, 37) titled "Request for Refund/Permit Cancellation Form, 2014-07-25-2157, dated 11/20/17," (2) Exhibit G to Defendants' Request for Judicial Notice titled "DBI Permit Details Report, Application No. 2014-07-25-2157, dated 4/23/19," and (3) Exhibits L-S to Defendants' Supplemental Request for Judicial Notice in Support of Motion to Dismiss (Dkt. No. 43). Dkt. No. 38 at 8 (Opposition); Dkt. No. 45 at 2-5 (Objections to Reply Evidence). Defendant objects to plaintiff's Exhibit E to Plaintiff's Request for Judicial Notice (Dkt. No. 40), titled "San Francisco Department of Building Inspection Finance Services—Refund Unit, REQUEST FOR REFUND AND/OR PERMIT CANCELLATION FORM (Blank)." Dkt. No. 41 at 11 (Reply). The Court DENIES the parties' request for judicial notice with respect to these documents. Because the contents of these documents are disputed, the parties' request is improper under Federal Rule of Evidence 201. The Court GRANTS defendants' request for judicial notice of Exhibits A-C, E, F, H-K, and T-X, and GRANTS plaintiff's request for judicial notice of Exhibits B-D attached to plaintiff's opposition. The Court DENIES plaintiff's request for judicial notice of Exhibit A because this document is not

**BACKGROUND**

This lawsuit arises out of the demolition of a home in the Twin Peaks neighborhood of San Francisco. Plaintiff, a limited liability company managed by Ross Johnston, is the owner of real property situated at 49 Hopkins Avenue, San Francisco, California. Dkt. No. 23 ¶ 3 (Amended Complaint), Dkt. No. 39 ¶ 1 (Johnston Decl.). The subject property was originally constructed in 1935 as a one-bedroom, 927 square foot single-family home by well-known architect Richard Neutra. Dkt. No. 23 ¶ 11 (Amended Complaint). Since 1935, the home had been altered to include a second story, garage, and an enclosed swimming pool. *Id.* By 2014, the property included a 240 square foot garage, 1,312 square foot two-story, one-bedroom home, and a 1,590 square foot indoor pool house, for a total of 3,132 square feet. *Id.* ¶ 12.

In 2014, the then-property owner engaged architect Yakuh Askew and his firm, Y.A. Studio to redesign the property. *Id.* ¶ 13. The architect applied for and obtained a permit ("2014 Permit") to perform the following work (commonly referred to as a "site plan"):

> REMOVAL OF EXISTING SUNROOM, INTERIOR REMODEL & VERTICAL ADDITION. WORK TO INCL: VERTICAL ADDITION ABOVE THE 2ND FLOOR, INTERIOR REMODEL OF 1ST & 2ND FLOOR. FRONT YARD TO REMOVE EXISTING WALL ENCLOSURE & PROPOSE LANDSCAPE.

*Id.* ¶ 16. The 2014 Permit required maintaining "(1) portions of the east side CMU [concrete masonry unit] wall; (2) portions of the existing second story kitchen floor; (3) portions of the existing framing above the garage; (4) portions of the westside wall at the bottom of [the] stairs leading to the front entrance[;] and (5) the underlying structure supporting the east side windows." Dkt. No. 23 ¶ 20 (Amended Complaint); *see also id.* ¶¶ 23, 24, 26.

After the Planning Department and DBI's approval of the site plan, the then property owner submitted a structural engineering plan addendum detailing the planned redevelopment. *Id.* ¶ 17

---

the proper subject of judicial notice under Federal Rule of Evidence 201.

Furthermore, plaintiff's objections to Exhibit B to the Corrected Declaration of Joseph Duffy in Support of Defendants' Reply Brief in Support of Motion to Dismiss (Dkt. No. 44), titled "REQUEST FOR REFUND/PERMIT CANCELLATION FORM," and Exhibit C to the Corrected Declaration of Joseph Duffy in Support of Defendants' Reply Brief in Support of Motion to Dismiss, titled "Permit details Report" are OVERRULED as MOOT. Dkt. No. 45 at 2 (Objections to Reply Evidence). The Court did not consider these documents.

(Amended Complaint). In May 2016, defendant DBI approved proposed construction of a 3,675 square foot three-story, four-bedroom/four bath single family home and 240 square foot garage. *Id.*

Plaintiff purchased the property and 2014 Permit in January 2017. *Id.* ¶ 18. Work on the property began in August 2017 after plaintiff secured construction financing. Dkt. No. 23 ¶ 18 (Amended Complaint). While removing portions of the pool house, plaintiff's general contractor discovered several compromised structural elements of the building that "would need to be removed one way or the other because they could not structurally support the three-story home in the 2014 Permit" and "posed life-safety hazards for workers." *Id.* ¶ 26. Rather than stop work, plaintiff's general contractor "immediately remove[d] the compromised structure even though the 2014 Permit called for maintaining those structural elements as part of the new home." *Id.* Plaintiff's general contractor "understood that the compromised structural conditions would necessarily require submission of revised structural engineering plans prior to commencement of any construction." *Id.*

In response to a neighbor's complaint, on October 4, 2017 defendant DBI issued a notice of violation for the demolition work that went beyond the scope of the 2014 Permit. Dkt. No. 23 ¶ 27 (Amended Complaint); *see also* Dkt. No. 37 at 6 (RJN Ex. B – Notice of Violation).[2] The notice of violation states "it appears the scope of demolition has been exceeded. The entire house has been demolished, except for the garage area." Dkt. No. 37 at 6 (RJN Ex. B – Notice of Violation). Defendant DBI ordered plaintiff to "STOP ALL WORK. Submit plans that show full scope of demolition. Plans shall be routed to Planning Dept. For [sic] review and approval. No work may take place until a new building permit has been obtained." *Id.* (emphasis in original). Following meetings at DBI's offices, the Planning Department issued a notice of enforcement on November 7, 2017. Dkt. No. 23 ¶ 27 (Amended Complaint).

On December 7, 2017, plaintiff's architect submitted new plans and a conditional use application ("CUA") seeking approval for the demolition that exceeded the scope of the 2014 Permit and plans for a three-story, single-family house like the one previously approved. *Id.* ¶ 29. Plaintiff

---

[2] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents. All references to exhibit numbers correspond to the exhibits filed with the parties' respective requests for judicial notice and declarations (Dkt. Nos. 34, 37, 39, 40, 42, 43, 44).

3

alleges that defendant DBI both erroneously instructed plaintiff's architect to cancel the 2014 Permit, and, in December 2017, erroneously canceled the 2014 Permit without giving plaintiff an opportunity to appeal the cancellation. *Id.* ¶¶ 28, 30.

Meanwhile, starting in January 2018, the Planning Commission considered plaintiff's new plans and CUA. *Id.* ¶¶ 31-33. The Planning Commission decided to approve a project that required plaintiff to (1) rebuild a replica of the 1935 original 927 square foot, one-bedroom structure, and (2) install a plaque stating the property was a replica of a Neutra design that had been "accidently demolished" and rebuilt per the decision of the Planning Commission ("CUA Decision I"). Dkt. No. 23 ¶ 40 (Amended Complaint). Plaintiff filed this action on February 14, 2019 in response. *Id.* ¶ 43.

After filing the instant lawsuit, plaintiff met with the City Attorney's Office and Planning Department staff to confer about the CUA Decision and develop an alternative project to present to the Planning Commission. *Id.* ¶ 44. Over the course of several months, they negotiated a project proposal for a three-story, two-unit building, totaling 4,180 gross square feet allocated into (1) a 2,625 square foot four-bedroom, three-bath, primary unit on the top two floors, (2) a 1,200 square foot, two-bedroom, two-bath accessory dwelling unit on the lower level, and (3) a 355 square foot garage. *Id.* The Planning Commission did not fully approve the revised proposed project, stating that it was "incompatible with the size and massing of the neighborhood." Dkt. No. 23 ¶ 49 (Amended Complaint). In its decision ("CUA Decision II"), the Planning Commission limited the project to 3,280 square feet, with at least 1,000 square feet allocated to a two-bedroom accessory dwelling unit, and removed the proposed roof deck. *Id.* ¶¶ 50, 52. Plaintiff alleges that the loss of square footage (635 square feet from the 2014 Permit plans and 900 square feet from the revised project proposal) makes the Planning Commission's proposal economically infeasible. *Id.* ¶¶ 50, 53. In response to CUA Decision II, plaintiff filed an amended complaint on October 11, 2019. *See* Dkt. No. 23 (Amended Complaint). The amended complaint includes seven causes of action: First (Violation of Fundamental Vested Rights under 42 U.S.C. § 1983), Second (Violation of Due Process under 42 U.S.C. § 1983), Third (Inverse Condemnation), Fourth (Violation of Equal Protection under 42 U.S.C. § 1983), Fifth (Violation of Excessive Fines Clause under 42 U.S.C.

4

§ 1983), Sixth (Writ of Mandate per California Code of Civil Procedure § 1094.5 or 1085), and Seventh (Writ of Mandate per California Code of Civil Procedure § 1094.5 or 1085, California Government Code § 65589.5). *Id.* ¶¶ 54-96.

**LEGAL STANDARD**

### I. Rule 12(b)(1) motion

Fed. R. Civ. P. 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). If the moving party converts its motion to dismiss into a factual motion by submitting affidavits, the opposing party must then also present affidavits or other evidence to meet its burden for satisfying subject matter jurisdiction. *Id.*

### II. Rule 12(b)(6) motion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule

5

12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

As a threshold issue, the City argues the amended complaint fails to state a claim for relief because plaintiff lacks a vested right in the 2014 Permit. Dkt. No. 36 at 16 (Motion to Dismiss). Defendants argue: (1) the plaintiff cannot hold a vested right in a permit plaintiff requested be cancelled, and (2) irrespective of the permit cancellation, plaintiff's violation of the permit

6

conditions voided any rights in the 2014 Permit. *Id.* at 16, 18. The Court notes, with respect to defendants' first argument, plaintiff denies requesting cancellation of the 2014 Permit and disputes the facts set forth in the associated documents. Dkt. No. 38 at 8, 15-19 (Opposition). As such, the Court declines to consider these documents and defendants' arguments relating to cancellation of the 2014 Permit in the context of a motion to dismiss.[3]

In support of its second argument, the City notes that plaintiff violated the terms of the 2014 Permit by performing demolition in excess of the permit's limits. Dkt. No. 36 at 18 (Motion to Dismiss). The City argues the plaintiff's actions violated San Francisco City Planning and Building Codes. *Id.* (citing S.F. Plan Code §§ 174, 175, 176(a) and S.F. Build. Code § 103A, 106A.1.5). By violating the terms of the 2014 Permit, defendants argue plaintiff no longer has a vested right in the project approved under that permit. *Id.*

Plaintiff argues that defendant misrepresents the law, and that *Attard v. Board of Supervisors of Contra Costa County*, 14 Cal. App. 5th 1066 (2017) does not apply. Dkt. No. 38 at 20 (Opposition). Plaintiff asserts *Attard* stands for the principle that permit holders do not have vested rights to build illegal projects, not that exceeding the scope of an issued permit voids the holder's vested rights. *Id.* Plaintiff argues that because it completed substantial work and incurred substantial liabilities under the 2014 Permit, it has a vested right to proceed with construction under its terms. *Id.* at 20-21.

The California Supreme Court has explained that "[t]he doctrine of vested rights ... states that a property owner who, in good faith reliance on a government permit, has performed substantial work and incurred substantial liabilities has a vested right to complete construction under the permit and to use the premises *as the permit allows." Communities for a Better Env't v. South Coast Air Quality Dist.,* 48 Cal. 4th 310, 323 (Cal. 2010) (emphasis added). Here, plaintiff obtained a permit for an "INTERIOR REMODEL & VERTICAL ADDITION. WORK TO INCL: VERTICAL ADDITION ABOVE THE 2ND FLOOR, INTERIOR REMODEL OF 1ST & 2ND FLOOR." Dkt.

---

[3] Plaintiff disputes certain documents judicially noticed by defendant. While the documents are the kind typically considered through judicial notice, the Court has abstained from considering them at this time. Due to the factual nature of the current dispute, the documents are better considered on summary judgment.

No. 23 ¶ 16 (Amended Complaint). Yet by virtue of the demolition plaintiff performed, an interior remodel of the now nonexistent first and second floors and a vertical addition above the second floor are no longer possible. Plaintiff cannot now claim a fundamental vested property right in a permit plaintiff violated and a project plaintiff rendered impossible to complete, through unpermitted unlawful demolition. Therefore, the Court concludes, while plaintiff may have other property rights and interests, plaintiff does not have a vested right in the 2014 Permit. With this conclusion, the Court addresses plaintiff's claims.

### I. Plaintiff's Claims Under 42 U.S.C. § 1983 (First, Second, Fourth, and Fifth Causes of Action)

In order to state a claim under § 1983, a plaintiff must show both (1) the deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); 42 U.S.C. § 1983. Plaintiff's first, second, fourth, and fifth causes of action implicate § 1983.

#### A. Plaintiff's First Cause of Action (Violation of Fundamental Vested Rights)

Plaintiff's first cause of action focuses on plaintiff's alleged vested right. Indeed, the amended complaint alleges that defendants' "cancellation of the 2014 Permit and imposition of the CUA Decision II violates Plaintiff's fundamental vested rights protected by the U.S. Constitution." Dkt. No. 23 ¶ 55 (Amended Complaint). Yet plaintiff fails to specify on which constitutional provision or federal statute it bases this claim. While plaintiff states in support of this claim that defendants "depriv[ed] Plaintiff of due process of law" and "deprive[d] Plaintiff of its vested rights under the 2014 Permit, without adequate amortization and/or compensation," the amended complaint separately states causes of action for violation of due process and inverse condemnation. *Id.* Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.... The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver,* 510 U.S. 266, 271

(1994) (internal quotation marks and citations omitted). Plaintiff's first cause of action is therefore DISMISSED with leave to amend to specify exactly which constitutional provision or federal right it seeks to vindicate.

### B. Plaintiff's Second Cause of Action (Violation of Due Process)

In relevant part, the Fourteenth Amendment commands that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law ...." U.S. Const. amend. XIV § 1. Though fact-dependent, the case law mandates at minimum that the amount of process due in order for the government to effect a constitutionally sound deprivation of property is an opportunity for the plaintiff to be heard in a meaningful time and manner. *Parratt v. Taylor,* 451 U.S. 527, 540 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327, 330–31 (1986).

Plaintiff contends that defendants violated its procedural and substantive due process rights under the Fourteenth Amendment in cancelling the 2014 Permit and issuing the CUA Decision II. Dkt. No. 23 ¶¶ 57-62 (Amended Complaint). Defendants contend that plaintiff's due process claim is without merit because plaintiff's amended complaint fails to set forth a protected property interest. Dkt. No. 36 at 24 (Motion to Dismiss). To the extent plaintiff's due process claim rests on its alleged vested right in the 2014 Permit, the Court agrees.

In support of plaintiff's due process claim, the amended complaint states that defendants "unlawfully deprived Plaintiff of its property rights" and "deprive[d] Plaintiff of its property interests." Dkt. No. 23 ¶ 58 (Amended Complaint). Other than asserting deprivation of "its vested rights in the 2014 Permit," plaintiff fails to specify what property rights or interests defendants allegedly divested. *Id.* ¶ 60. Thus, plaintiff's second cause of action is DISMISSED with leave to amend to specify exactly what property rights defendants impinged.

### C. Plaintiff's Fourth Cause of Action (Violation of Equal Protection)

The Equal Protection Clause ensures that "all persons similarly situated should be treated

9

alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). The Supreme Court has recognized that equal protection claims exist where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the differential treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Here, plaintiff contends defendants violated its "right to equal protection of the laws by intentionally singling out and treating Plaintiff differently than similarly situated properties." Dkt. No. 23 ¶ 68 (Amended Complaint).

While this may be enough to survive dismissal, the Court finds it prudent to DEFER ruling on this issue until after plaintiff files its second amended complaint. The Court notes that it may behoove plaintiff to bolster this claim considering the Court's ruling regarding plaintiff's lack of a vested right in the 2014 Permit.

### D. Plaintiff's Fifth Cause of Action (Violation of Excessive Fines Clause)

The Excessive Fines Clause of the Eighth Amendment prohibits the government from imposing "excessive fines" as punishment. *See* U.S. Const. amend. VIII. The Excessive Fines Clause is an incorporated protection applicable to the States under the Fourteenth Amendment's Due Process Clause. *Timbs v. Indiana*, 139 S. Ct. 682, 691 (2019). Plaintiff asserts defendants "violated the excessive fines clause when they, as punishment for Plaintiff exceeding the scope of the 2014 Permit, invalidated Plaintiff's vested rights under the Permit, and . . . imposed an unlawful requirement on Plaintiff that the ADU [accessory dwelling unit] be at least 1,000 square feet and at least two bedrooms[.]" Dkt. No. 23 ¶ 72 (Amended Complaint). Plaintiff also alleges "the CUA Decision imposed an excessive fine on Plaintiff in violation of its constitutional rights[.]" *Id.* ¶ 73.

As with plaintiff's equal protection claim, while this may be enough to survive dismissal, the Court DEFERS ruling on this issue until after plaintiff files its second amended complaint. The Court notes that plaintiff may be well-served to bolster this claim considering the Court's ruling regarding plaintiff's lack of a vested right in the 2014 Permit.

## II. Plaintiff's Claim for Inverse Condemnation (Third Cause of Action)

Plaintiff invokes the Fifth Amendment's Takings Clause, which states, "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V, § 4. Plaintiff alleges that the City's invalidation of its "rights under the 2014 Permit" and imposition of "an unlawful requirement that Plaintiff construct a replica of the original 1935 structure" constituted "the taking of private property for public use without just compensation." Dkt. No. 23 ¶ 64 (Amended Complaint). Plaintiff also asserts that the CUA Decision and CUA Decision II constitute takings without just compensation. *Id.* ¶ 66.

As with plaintiff's due process claim, defendants contend that plaintiff's inverse condemnation claim is without merit because the amended complaint fails to set forth a protected property interest. Dkt. No. 36 at 24 (Motion to Dismiss). To the extent plaintiff's inverse condemnation claim rests on its alleged vested right in the 2014 Permit, the Court agrees. Thus, to the extent it depends on vested rights in the 2014 Permit, plaintiff's third cause of action is DISMISSED with leave to amend in accordance with the Court's conclusion above.

## III. Plaintiff's State Law Claims (Sixth and Seventh Causes of Action)

In addition to the federal law causes of action above, plaintiff alleges two state law causes of action in the amended complaint, including (1) writ of mandate per California Code of Civil Procedure § 1094.5 or 1085 (Sixth Cause of Action) and (2) writ of mandate per California Government Code § 65589.5 (Seventh Cause of Action). Dkt. No. 23 ¶¶ 74-96 (Amended Complaint). In the motion to dismiss, defendants argue plaintiff's state law claims are barred by the applicable statutes of limitations because plaintiff did not timely file suit after cancellation of the 2014 Permit. Dkt. No. 36 at 19-20 (Motion to Dismiss). Defendants also argue the amended complaint fails to state a claim for writ relief under California Code of Civil Procedure § 1094.5 or § 1085. *Id.* at 21-22.

Plaintiff argues its state law claims are not time-barred and are adequately pled under the applicable California codes. Dkt. No. 38 at 22-27 (Opposition). In particular, plaintiff asserts its state law claims do not rely solely on cancellation of the 2014 Permit. *Id.* at 23.

In light of the Court's conclusions with respect to plaintiff's federal claims, plaintiff shall be allowed leave to file an amended complaint. Accordingly, the Court DEFERS ruling on the City's motion to dismiss as to plaintiff's state law claims until after the filing of plaintiff's second amended complaint. The Court notes its concern about the timeliness of plaintiff's claims stemming from the cancellation of the 2014 Permit and encourages plaintiff to clarify the nature of its state law claims.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court orders as follows:

Defendants' motion to dismiss is GRANTED in part and plaintiff's **first** cause of action for Violation of Fundamental Vested Rights under 42 U.S.C. § 1983, **second** cause of action for Violation of Due Process under 42 U.S.C. § 1983, and **third** cause of action for Inverse Condemnation are DISMISSED for failure to state a claim, WITHOUT prejudice.

Defendant's motion to dismiss is DENIED in part and the Court DEFERS ruling on plaintiff's **fourth** (Violation of Equal Protection under 42 U.S.C. § 1983), **fifth** (Violation of Excessive Fines Clause under 42 U.S.C. § 1983), **sixth** (Writ of Mandate per California Code of Civil Procedure § 1094.5 or 1085), and **seventh** (Writ of Mandate per California Code of Civil Procedure § 1094.5 or 1085, California Government Code § 65589.5) causes of action until after the filing of plaintiff's amended complaint.

Plaintiff may file a second amended complaint on or before **March 27, 2020**.

**IT IS SO ORDERED**.

Dated: February 28, 2020

SUSAN ILLSTON
United States District Judge